UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MARK Q. BYRD,                       )   CASE NO. 1:07 CV 1641
                                    )
    Plaintiff,                      )   JUDGE DAN AARON POLSTER
                                    )
  v.                                )   MEMORANDUM OF OPINION
                                    )   AND ORDER
CLEVELAND POLICE, et al.,           )
                                    )
    Defendants.                     )

On June 5, 2007, plaintiff pro se Mark Q. Byrd filed the above-captioned in forma pauperis action against "Cleveland Police" and "East Cleveland." For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The statement of claim portion of the complaint states in its entirety as follows:

> I received a certified letter No. 7001 0320 0003 0332 4277 in regards to my car being held and a ticket from court stating reasons for court proceedings which were untrue and wrong. When I contacted G + M. Towing they told me I would have to pay more of the 455.05 which I received in the letter, which they were lying about said 700.00 dollars were old. April 25, 2007 spoke with officer No. 10# and officer Mrs. Parker in regards to my case.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Further, legal conclusions alone are not sufficient to

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

present a valid claim, and this court is not required to accept unwarranted factual inferences. <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987); <u>see also</u>, <u>Place v. Shepherd</u>, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim against the named defendants. <u>See</u>, <u>Lillard v. Shelby County Bd. of Educ,</u>, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed <u>in forma pauperis</u> is granted this action is dismissed under 28 U.S.C. § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

<u>/s/Dan Aaron Polster 8/14/07</u>
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE